## Sucesión Morales *v.* Kieckoefer et al.

Apelación procedente de la Corte de Distrito de San Juan.

No. 654.—Resuelto en junio 24, 1911.

Nulidad de Contratos—Perjuicio al Demandante.—Para que un demandante tenga derecho para pedir la nulidad de unos contratos, en los que no aparece

obligado ni principal ni subsidiariamente, es preciso que de la demanda resulte que ha sido perjudicado por dichos contratos.

Acción Reivindicatoria—Bienes Gananciales—Liquidación de la Sociedad Conyugal.—El título de heredero de uno de los cónyuges componentes de la sociedad conyugal no es suficiente para reivindicar la mitad de una finca que forma parte de los bienes de la sociedad de gananciales, cuando no se ha practicado la liquidación de dicha sociedad conyugal, pues hasta que tal liquidación sé haga, no puede afirmarse la existencia de un sobrante que corresponde por mitad a los cónyuges.

Sociedad Conyugal—Título de los Cónyuges a los Bienes Gananciales—Coherederos.—Después de disuelto un matrimonio debe liquidarse para conocer si hubo en la sociedad conyugal beneficios, y la mitad de las ganancias, si las hubo, corresponden a cada cónyuge, no como herencia sino por derecho propio, y por esta razón los cónyuges una vez disuelto el matrimonio, no son coherederos, ni tampoco los sucesores del que haya muerto son coherederos del socio supérstite.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Cayetano Coll y Cuchí.*

Abogado de los apelados: *Sr. Manuel F. Rossy.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La demanda en este caso fué presentada ante la Corte de Distrito de San Juan en 7 de diciembre de 1906, aunque parece que fué enmendada y alega sustancialmente: que los demandantes son los herederos de Doña Tomasa Morales, quien sobrevivió a su hija Doña Valentina Berríos y a la cual heredó; que ésta última señora estuvo casada con Don Alejandro Jourdan hasta 1867 en que ella murió con poder para testar, en el que ordenaba que si su madre le sobrevivía, fuera su heredera; que durante el matrimonio de Jourdán con la Señora Berríos, aquél compró por y para la sociedad conyugal dos fincas que forman hoy la nombrada San Antonio, radicada en el pueblo de Bayamón, la que se describe en la demanda; que posteriormente casó Jourdan en segundas nupcias con Doña Cecilia Adelaida Kieckoefer a la que instituyó por su heredera en el testamento bajo el que murió; que la sociedad de gananciales del primer matrimonio de Jourdan, no ha sido liquidado nunca, por más que desde hace quince años vienen los demandantes gestionando amistosamente la

liquidación de esa sociedad; que Jourdan, después de la muerte de su primera esposa, quedó poseyendo todos los bienes de la sociedad conyugal, haciendo lo propio respecto de esos bienes la Señora Kieckoefer a la muerte de su consorte, e inscribiendo después en 1889 en el registro de la propiedad y a nombre suyo, por título de herencia, la propiedad de la finca San Antonio: que en 1901 la viuda de Jourdan traspasó simuladamente tal finca a Don Julio O. Abril, quien, a su vez en 1905 y en igual forma, la traspasó a Don José T. Silva, conociendo todos los que tomaron parte en esas transacciones los antecedentes e historia de esa propiedad, sabiendo que no pertenecía a la Señora Kieckoefer, porque eran socios de la firma comercial J. T. Silva y Co. que era la representante, administradora y banquera del Señor Jourdan cuyos negocios conocía, así como el estado de sus intereses durante sus dos matrimonios: que Don José T. Silva vendió la finca en 1909 a Don Modesto Cobián, haciéndose constar en la escritura la existencia de esta demanda; y que los intereses de la primera consorte en la sociedad conyugal consistían en la mitad de la finca San Antonio, como bienes gananciales, y en tres mil pesos que había aportado al matrimonio por herencia de su padre.

Después de estas alegaciones y de consignar que los frutos de la mitad proindivisa de los bienes gananciales de la sociedad Jourdan-Berríos, pertenecientes a la sucesión demandante, ascienden a diez mil pesos, concluyeron pidiendo: que se declaren nulas las tres escrituras mencionadas y se cancelen sus inscripciones en el registro de la propiedad; que se declare que Doña Cecilia Adelaida Kieckoefer sólo obtuvo por herencia de su marido los bienes que resultaren propios de él una vez excluídas las aportaciones matrimoniales de la esposa Berríos y la mitad de gananciales que a ésta correspondían; que se declare la propiedad de esas aportaciones y gananciales a favor de la sucesión demandante por herencia de Doña Valentina Berríos, que se ordene la liquidación de dichos gananciales y su inscripción a nombre de los deman-

dantes y que los demandados les paguen diez mil pesos por indemnización y las costas.

Don Julio O. Abril, uno de los varios demandados, formuló contra esa demanda las excepciones de falta de hechos para determinar una causa de acción: la de prescripción de las acciones de liquidación de gananciales, de dominio, de cobro de pesos y de nulidad de contratos, aduciendo además la excepción de ambigüedad.

Esas excepciones fueron resueltas por el juez de la sección 2ª. de dicha corte, sosteniendo la de prescripción de la acción reivindicatoria, y en el mismo dia 30 de noviembre de 1910, dictó sentencia a favor del demandado Señor Abril, y con costas a los demandantes, la que fué registrada al día siguiente por el secretario.

Contra esta sentencia los demandantes interpusieron recurso de apelación para ante esta Corte Suprema.

La acción ejercitada en la demanda contra el apelado Don Julio O. Abril, es la de nulidad de aquellos contratos en que él intervino; pero para que los demandantes tengan derecho para pedir la nulidad de esos contratos, en los que no aparecen obligados principal o subsidiariamente, es preciso que de la demanda resulte que han sido perjudicados por los mismos.

Por el contenido de la demanda se viene en conocimiento de que muerta Valentina Berríos en 1867 ni entonces, ni después, se ha llevado a cabo una liquidación de su sociedad conyugal con Don Alejandro Jourdan, por cuyo motivo no puede sostenerse que los demandantes, como herederos de Doña Tomasa Morales, siendolo ésta de su hija, la esposa primera de Jourdan, tengan un título suficiente para poder reivindicar la mitad de la finca San Antonio, porque sin proceder la liquidación del haber común, no puede afirmarse la existencia de un sobrante que corresponda por mitad a los cónyuges. Sentencia del Tribunal Supremo de España de 11 de mayo de 1889.

La ley declara que, a falta de capitulaciones matrimo-

niales, se entenderá que el matrimonio se ha contraído bajo el régimen de la sociedad de gananciales, mediante la cual, el marido y la mujer harán suyos por mitad, al disolverse el matrimonio, las ganancias o beneficios obtenidos indistintamente por cualquiera de los cónyuges durante el mismo matrimonio.

Por ser el matrimonio, bajo este aspecto una sociedad, luego de disuelto debe liquidarse para conocer si hubo en ella beneficios y a cuánto ascienden y para proceder a dividirlos, entre los socios o cónyuges; y la mitad en las ganancias que por este motivo adquiere cada cónyuge, o sus herederos, le pertenece y lo adquiere, no como herencia sino por derecho propio.

Por esta razón los cónyuges, una vez disuelto el matrimonio, no son coherederos, ni tampoco los sucesores del que haya muerto son coherederos del socio supérstite.

Así, pues, los demandantes carecen de un título bastante para reivindicar el dominio de la mitad de la finca San Antonio y no fueron ni son coherederos en ella, con Don Alejandro Jourdan ni con su heredera.

Como la liquidación de la sociedad conyugal es necesaria para determinar si hubieron o nó gananciales, mientras la misma no se practique, no puede afirmarse que los hubieron y por tanto, carecen los demandantes de acción contra Don Julio O. Abril para pedir la nulidad de las compraventas por él realizadas, pues no puede afirmarse que hayan sido perjudicados por ellas.

· En un caso bastante igual al presente, declaró el Tribunal Supremo de España por su sentencia de 1 de marzo de 1894, en pleito dirigido por los herederos de un cónyuge contra el comprador de bienes adquiridos durante el matrimonio, que adquirida una mina por el marido cuando existía la sociedad conyugal, sin que conste el concepto en que la compró, toda vez que no se formó inventario, cuenta y partición y adjudicación de los bienes relictos a la muerte de la madre de los demandantes, no hay términos hábiles para estimar como

bien ganancial la mina de que se trata, y por ello, si estuvo bien o mal vendida por el viudo, cuando ya no existía la sociedad conyugal, razón por la que sentencia que absuelve de la demanda al comprador no infringe la ley.

Por las razones expuestas la sentencia debe ser confirmada.                                            *Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary, no tomó parte en la resolución de este caso.